UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: PHILLIP L REED

CIVIL ACTION

NO: 17-908

SECTION: "H"(5)

## ORDER AND REASONS

Before the Court is a Motion to Withdraw the Reference from Bankruptcy Court (Doc. 1). For the following reasons, this Motion is **DENIED**.

## BACKGROUND

On March 19, 2014 Phillip L. Reed (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Trustee David V. Adler (the "Trustee") initiated the instant adversary proceeding against Defendants The Schumacher Group of Louisiana, St. Martin Emergency Group, LLC, Lafourche Emergency Group, LLC, and Eunice Emergency

Group, LLC asserting four causes of action: (1) a claim to recover the value of transferred receivables made within 2 years of the petition date pursuant to 11 U.S.C § 548(a)(1)(A); (2) a claim to recover the value of transferred receivables made within 2 years of the petition date brought pursuant to 11 U.S.C. § 548(a)(1)(B); (3) a claim to recover the value of transferred receivables made within 2 years of the petition date brought pursuant to 11 U.S.C. § 544(b); and (4) alternatively, a claim for the collection of outstanding debt owed to the debtor brought pursuant to 11 U.S.C. § 542(b). The Defendants have filed the instant Motion to Withdraw the Reference, which the Trustee opposes.

## LAW AND ANALYSIS

This Court's decision in this matter is governed by 28 U.S.C. § 157(d), which provides for both permissive and mandatory withdrawal. It states that:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

This case presents an issue of permissive withdrawal. Although "cause shown" is not defined by statute, the Fifth Circuit has indicated that the district court should consider the following factors in articulating the foundation for its decision:

> (1) whether the matter at issue is a core or a non-core proceeding, (2) whether the proceedings involve a jury demand, and (3) whether withdrawal would further the goals of (a)

promoting uniformity in bankruptcy administration, (b) reducing forum shopping and confusion, (c) fostering the economical use of the debtor's and creditors' resources, and (d) expediting the bankruptcy process.[1]

In their Motion, Defendants argue that their jury demand entitles them to immediate withdrawal of the reference, as the Bankruptcy Court cannot conduct a jury trial. Though the Trustee does not appear to dispute that Defendants are entitled to a jury trial in this Court should the same become necessary, he argues that withdrawal of the reference is premature until the Bankruptcy Court has determined all pretrial matters.

Multiple courts, including other sections of court in this District, have found that a motion to withdraw is premature until such time as it is determined that a jury trial *must* be conducted.[2] Indeed, "[u]ntil that time, it may better serve judicial economy . . . for the bankruptcy court to resolve pre-trial matters."[3] "Under the circumstances, the Court need not decide whether a jury trial is proper, but may deny the motion to withdraw the reference until such time as it becomes clear that a jury trial, if available, is necessary."[4]

Here, it is not yet clear that a jury trial will be necessary. Indeed, the Court notes that there is presently pending before the Bankruptcy Court a Motion for Summary Judgment wherein Defendants seek dismissal of all claims asserted against them in an adversary proceeding. The Court finds that

---

[1] *In re Gulf States Long Term Acute Care of Covington, L.L.C.*, 455 B.R. 869, 874 (E.D. La. 2011) (citing *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir. 1985)).

[2] *Id.* at *5 (E.D. La. Sept. 19, 2006); *Post Confirmation Bd. of Wadleigh Energy Grp., Inc. v. Wadleigh*, 516 B.R. 850, 853 (E.D. La. 2014).

[3] *In re OCA, Inc.*, 2006 WL 4029578 at *5.

[4] *Id.* at *5.

it could benefit from the Bankruptcy Court's considerable expertise in resolving this Motion, as it involves claims arising under the Bankruptcy Code. "Indeed, allowing the bankruptcy court time 'to function much like [a] magistrate[ ] to the district court on matters that are merely 'related to' a bankruptcy,' or that are otherwise unable to be finally adjudicated by that court, could considerably expedite the litigation."[5] Accordingly, the Court finds that, in the interests of judicial efficiency, the reference should be maintained at this time. Once it becomes clear that a jury trial must be conducted, Defendants may re-urge their Motion.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Withdraw the Reference is **DENIED**.

New Orleans, Louisiana this 5th day of May, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[5] *Post Confirmation Bd. of Wadleigh Energy Grp., Inc*, 516 B.R. at 856.